Case number 22-8001, Ayn Rae Valerie R. White, individually and on behalf of all other similarly situated et al petitioners. Mr. Bruce for the petitioners, Mr. Youngwoo for the respondents. Good morning, Council. Mr. Bruce, please proceed when you're ready. Please support. I will reserve three minutes for revotes. Class actions provide a way for numerous people with relatively small claims to band together and have their common claims heard for a court that they might not otherwise be able to afford or to manage. When I went to law school, we didn't have classes about legal history, and I understood that the 1966 rules on class actions were kind of, had invented class actions, but in fact they had not. The class action for inequity to secure an injunction dates back in this, in this, in, in the United States to the early 1800s. Justice Souter went over that history in the 1999 case of Ortiz versus Faber Board. The, and the equity rules that were in effect when the 1966 rules were adopted already provided for class actions, already recognized the need for class actions to resolve common questions that would lead to injunctive relief. Rule 23 establishes the modern requirements for those class actions, but Justice Scalia in 2010 recognized that Rule 23 creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action. There's, there's not an authority for district courts or courts of appeals to amend Rule 23 to adopt additional restrictions. What the, the district court in this case suggested was that because this court had not clarified the issue of, of fail-safe classes of what, what is to be done about them, that there should be a categorical rule against fail-safe class actions prohibiting certification. Such a rule would, would... Before we get to that, I mean, in order for us to even treat with the merits of that, we have to decide that it's properly before us under 23-F. Right. Right. And so there's some threshold questions. There's timeliness and there's also, even apart from timeliness, there's the question of whether we exercise our discretion to take the, to take the interlocutory appeal. I think that the, the district court's decision that prior to the district court's decision, the, there were a number of district court decisions here that address the, the so-called fail-safe issue, including the Campbell case and Ramirez and, and the Afghan and Iraq ally. And, and to my view, those cases all address the issue satisfactorily. But the district court in this case decided that, that there was really a split between those district courts and that led to this being an unsettled issue in this jurisdiction. And once the district court said that and acted upon it, I think this definitely became an has to address as a result that it is an unsettled and in the district court's words, that is a fundamental issue. So unsettled issue is one, is one of the prongs under which we could take discretionary review of it. But the way we outlined that criterion in the Lorazepam case, it was unsettled, but then it also has to be likely to evade end of case review. This is likely to evade end of case review. We would have to proceed on an individual basis and based on the record here so far, if this would take years and at the end of those years, if we prevailed, we could, I guess, appeal the denial of class certification. And if we succeeded on that appeal, we would then start over with the district court. We wouldn't even be in at the end of the case. So we would have years to get to the point where we could take an appeal, we could take an appeal, and then we would have to start over in the district. But isn't that going to be true almost by definition in a class action situation? Because the discretionary criteria, they can't be something that applies to every single class action or else it would occupy the field. And so it has to be less likely or more likely to evade end of case review than would normally be the case in a class action. Well, in a lot of class actions, well, a lot of the 23F petitions are about the defendants. So they're not the denial of class certification. The defendants are appealing the grant of class certification. But when there's a denial of class certification and people have small claims, it very likely is going to end end of the case review because the economics don't justify the lawsuit anymore. So is your view that any time there's a denial of class certification, then, and there's an unsettled issue, then the Court of Appeals should exercise its discretion? Not in any case, but in cases where it is likely to evade end of the case review. And I don't know whether that means the majority of cases where class certification is denied or not. But it certainly applies in this case. I took this case as a class action. And the fee agreements with people say that we are taking this as a class action. That was the only economical basis for taking the case. But that just doesn't, as far as I know, that doesn't seem atypical for class actions. Well, there are some class actions where individual claims are worth a huge amount of money. And there are some class actions where resolution of the individual claim might automatically mean that if the case was certified on appeal at the end of resolution of those claims, that, I'm sorry, I've lost my train there, but that it would mean that the case is really over. And in this case, it would mean that the case is starting again. If a class action were denied for lack of numerosity, then presumably that class action could go forward just with the plaintiffs, because there aren't numerous enough to be a class action, and the whole thing would be resolved and over and done with. So that would be an example of a denial of class certification that would not, would not be evaded, would not evade end of case review. I don't, I don't believe so. I mean, in this case, I mean, we have subclasses, some of which are less than 30 people. It's not economical to manage the So in this case, if we added up all the subclasses, we're at over 200 people. It's not manageable. I'm not talking about your case. I'm talking about another case. If it were a numerosity issue, by definition, the district court would have almost been finding that this could go forward without there being a class action, that you could just go forward with everybody in it in a single litigation. That's all it is. Yes. I'm just saying that it's very I'm not saying whether it's this case or not, that's the district court did not rely on numerosity. Counsel, what do we do with the timeliness issue? Doesn't your request for review does not appear to be timely? Oh, our request for review was within the 14 day period that the judge did not. You're not counting the earlier denials as mattering? No, the earlier denial was without prejudice and we were. Where in the law says that makes a difference? Well, the rule is 14 days from the decision that's being appealed in the decision. Why should without prejudice or with prejudice matter? Because the district court in October of 2020 denied certification with instructions about what we should do, that we should deal with this failsafe issue and we should address a couple of other problems. We did those things, so we weren't going to take an appeal at that point because it was it's easy to repair the class definition to eliminate what was arguably failsafe language and we did that. Let me just do one other thing. It seemed to me like maybe I'm wrong, but the district court was concerned about was the use of the word vested retirement benefits in your class definition. Mentioned it many times. Why wouldn't, why didn't you just take the word vested out? You don't need it. Yes. This could have been rewritten pretty straightforward. All you do is take out vested and I think wouldn't have had any arguments about failsafe and she pointed to that language specifically. The language that the district court objected to was that we originally said have vested rights which have been denied and so the district court was saying that's presuming that people have vested rights. Exactly. And so we changed. So her concern is with the word vested, not with the word have. I understood it with saying that they have vested rights, presumed success, and are presumed that we were right. And doesn't the word vested, I'm sorry, go ahead. We changed it to have been denied vested rights. Yeah, I saw that, but it seems to me that the essence of the failsafe concern here is that you're claiming they're vested and I believe the district court said that vested is the very issue in dispute. So I'm just not clear why you didn't just take that. You don't need it. I could strike it now, but you're on. So you agree you could take that out easily? Yes, but that wasn't what I understood. Maybe I misunderstood. In terms of what I would say is people have been denied vested rights if they don't have enough years of service. If they didn't work for the employer, I would still use the language. They have been denied vested rights because of that. Yeah, but if the district court says that use of the word vested makes it failsafe, then you'd be happy to take it out. That's how I understand it. But I didn't understand it that way at all. I understand. And we had said in our reply brief before that, we had said that if that was the problem, if the problem was that we were saying have vested rights, that we would change it to have been denied vested rights because of so and so, such and such. And so we said that before the decision saying that we needed to improve the language and we acted upon that exactly as we had said in the reply brief. Okay. Make sure my colleagues don't have additional questions for you this time. We'll give you a little bit of time for rebuttal. Thank you, Mr. Bruce. Mr. Youngwood. Sorry, your honor, just a little water. Your honor, may it please the court, Jonathan Youngwood, Simpson, Thatcher, and Bartlett for the appellee and the defendants here. I want to go straight momentarily to the questions about whether or not the petition should be heard at all. But I do want to pick up on the discussion about vested in case I run out of time. Several points. The plaintiff had three opportunities to write this class definition and put vested in each time. I don't know exactly why that was done. But if you strike vested, I think you change the number of people that could be included in the class in a way that were we to be successful at the end, would have restricted effect on more people than may be intended. So I don't think simply striking the word at this point at the appellate level would address first the district court's problems, because I think as you go through each of the subclasses, you have your own failsafe issues. And I think it would drastically. I don't think it's as simple as not changing the class. I think it would change the class. And frankly, at the district court thought otherwise, it would be fine with or without vested and vested didn't do anything. And I believe this report with. Why can't it be defined to say employees who would have vested rights if defendants counted full years, recognized non-participating properties and awarded benefits? I think you'd still today have no idea who would be in that classroom. And you'd have to go through each of the three subclasses. I think you would have no idea if the class were anyone who worked for Hilton in a certain time period that would be defined. It was anyone who worked for Hilton for a certain number of years by a measurable, independent way of looking at it that might survive. But here you have to go through the merits of the word best is in there or not to determine who is in the class. And that falls into all the traps of failsafe that we believe this were properly recognized. I respectfully don't think vested would solve the problem. I don't think it would have solved it for the district court. And I think there are reasons that the plaintiff's counsel with three tries didn't remove that word, simply moved it from one part of this failsafe thing seems to be. Rather inscrutable, because at some level, class actions have to identify the alleged injury in a common way. And so, you know, we don't want to get a heads, they win tails, they lose theory. And so trying to interpret something that's not even written into the rule becomes rather hazardous. And why the district court here raised concerns about commonality and typicality. Why isn't the right rule before you start applying something that's not written in the rule to go through the elements of Rule 23A and then whichever appropriate subdivision of 23B exists and apply those at a minimum first. And if you do that, it seems to me that probably 99% of the time, you're going to cover whatever this concern about failsafe was, but you will do it actually in the terms that the rule will require instead of us trying to understand the contours of a rule that's not written. So several parts to an answer, I think, Your Honor, to that question. First of all, I think it is in the rule. I think 23C1B, which says you must define the class, is a... Well, the district court has to define the class in issuing the order. Yes. And the order granting class certification. This class would not be defined if the district judge had signed the order that was Bryce presented to her. We would not know who is in the class. Well, that may be what you would have argued, but the requirement that the district court define, I think, is the idea is the way that rule is written is that you go through A and then you go through B, whatever relevant subdivision is, and then C tells you what happens after you have a class, for the most part. So second answer to your question, Your Honor, is a fail-safe class of this type, I think of any type, would be unmanageable and would be unfair. And what I'm trying to understand is why isn't the first argument for things that you call fail-safe, if it genuinely is fail-safe, it will never meet numerosity because it will either be a lot of people or zero. And if one outcome of the case means the class is zero, numerosity isn't met. There will be commonality problems. So on numerosity, Your Honor, we won't know that answer until the very end of the case. Well, that's exactly my point. Why wouldn't you argue that numerosity is not met because at the end of the case, the number will be zero if we win. And so I don't understand why I have to do made-up terms here. And again, the district court flagged commonality and typicality, and I just don't understand why we're supposed to instead lead with something that I'm not sure what it means in other circuits. I think it was the Seventh Circuit, if I've got it right, was very worried that just the practical nature of class actions, they have to, at some level, define their injury. They do, but most of my practice is class actions. This is the first time I've appeared in front of a appellate court arguing about fail-safe because every other one has, it's people who purchase shares of a stock during a certain period. It's people who are employees during a certain period. What it isn't is what's in the Campbell case, district court case in this circuit, people who were discriminated against. In terms of commonality, that argument is before the district court or was before the district court because of the order in which she approached it. We think commonality and common issues dominating don't work for any of these three subclasses. So I guess back to my question, I just don't understand why that's not where we start, instead of applying something that's not written in the rules. My simple answer to you is all of that was presented to the district court. I don't want to presume as to why the district court started here. If I were to speculate, which I tell my clients not to do, I would speculate that this was a way to cut through it in a straight way that applies to all three subclasses. I think that this definition cries out, as sales say. It's not close at all compared to some of the other district court decisions within this circuit and, frankly, across the country. And that the whole definition turns back on whether or not you win, whether or not each individual potential member of the class wins. But I cannot tell you why the district court went there first rather than our commonality and other arguments. She did consider for two of the subclasses some of those other arguments in the second denial of class cert and then readopted in the third one. She did not reach the commonality arguments for the first subclass. I'm happy to go on on the fail-safe. Can I ask you one more thing? I read your brief. Tell me if I'm wrong. You weren't asking for a categorical rule against fail-safe classes. Am I wrong about that? Sorry, could you repeat the question? Did you ask for a categorical rule against fail-safe classes in your brief? I thought you were more nuanced. I think it probably falls into what you define as a fail-safe class. And I think that there are the Ramirez case, for example, in this district court allowed a fail-safe class to go for what some argued was a fail-safe class to go forward because part of the definition tied potentially to a merits determination that that court found that the first two aspects of that definition were definitive enough that you could independently have a sense of who was in the class. I think I might disagree with Ramirez, but even under Ramirez, we would prevail here under that type of analysis. The Afghan case is a similar type thing where somebody said fail-safe and the district court said, actually, when you look at it, it's not fail-safe. So it's possible to adopt a rule that says no fail-safe classes, but then find some definitions that some defense counsel might say are fail-safe and conclude they're not. I don't think that applies here. I think under any liberal, conservative, whichever way, narrow, tight rule of fail-safe, this class fails. And then so we only get to any of these issues if we get past the threshold. So if I could extend there, Your Honor. Can I just ask you a couple of questions about timeliness? You have a timeliness argument. I know. And then there's also the question about whether the discretionary criteria are satisfied. On timeliness, everybody agrees, I think, well, tell me if you don't, that the district court could have essentially done the same thing that at least the district court seemed to be intending to do here, which is to give the plaintiffs a chance to come forward with new class definitions that would potentially satisfy the concerns that the district court had. And the district court could have done that in a way that would have allowed an appeal of the final decision that's before us now. If the district court, for example, had just done, you know, had said, look, I've got some real concerns about the way you framed this. Why don't we take another tack at it? I'm not going to rule on the motion that you have before me now. You know, you can withdraw it or let's, that could have happened. And the exact same sequence of events essentially would have occurred, except you wouldn't have had what could be seen as technicality of a decision that says denied without prejudice. Instead of denying without prejudice, it's just, let's just, you know, take that back and let's go forward and try another iteration. So if everybody agrees that could have happened and we'd be in exactly the same place. And what's the point of saying that in this situation there's a timeliness problem? Because we'd still, let's suppose it is an issue that's completely unsettled. And let's suppose it is an issue that won't get end of case review. I know you dispute that and there may be some arguments there, but let's just suppose it is. Why wouldn't we just allow it to come? Because all of that could have happened anyway. So, Your Honor, I think much of the interpretation and the application of 23F is within your discretion. I think the timeliness is not within your discretion. Obviously, you will determine whether it's timeliness, but it's not a discretionary aspect of the rule. And I think 23F is quite clear as to when the clock starts to run. When you combine it with law that does exist in the circuit, such as the DC Water case, which I recognize was in a clarification posture, not this exact posture. But you read that case, the cases that case cites, the basic rule is that there's a cutoff here. And that if the prior decision isn't changed, that prior decision was the one you should have appealed from. And the Seventh Circuit looked at this. I mean, I get that. I guess my question is, it just seems awfully form over substance if we all agree that essentially the exact same thing could have happened. If just instead of saying denied without prejudice, it would have been, you know, I'm inclined to deny this. I'll probably deny this. So why don't you just take another try? And so two parts to the answer, Your Honor. First, jurisdiction is about form. And the rules are the rules. And the courts need to interpret them. But there's not discretion in interpreting. And they're there for a purpose and for finality. The district court could have gotten some version of the course you picked. But she chose not to do so. She chose to give a definitive, this is denied without prejudice. That presented in the actual report in the Second Circuit goes through all of this discussion more articulately and more detailed than I possibly can. It gave the plaintiff several options. It did not take away options. Plaintiff could proceed to go through the district court and try to convince the court that there was a good class here. That's what he chose to do. That didn't end the appellate review or even the interlocutory appellate review options. The plaintiff could have, following this actual decision, as the Seventh Circuit points out, petitioned the district court and then this court for 1292 interlocutory review. Right. That's always available. 1292 is always available. The 23-F is supposed to give you something more in the class cert context. Because 1292-B has been there forever. It's been there forever. And it was still there. And it's the Seventh Circuit recognized. And then, Your Honor, it's assumed away. Sorry, Your Honor. Suppose, I don't mean to resist your point that jurisdiction can be formal. I understand that. I'm just trying to understand whether there's something else going on here. And it sounds like there may not be. I take your point that sometimes formality governs in the jurisdictional context. I understand that. Your Honor, again, to the prior question, I'm not going to presume to get into the district court's head. But the district court issued a decision that, if not challenged and renewed, would have been final. She did not know if there would be a second or now third motion. I think she was quite patient in allowing those. But her patience and her method of doing it, I don't think, changed the avenue for appellate review. So let's suppose in the subsequent case, in the subsequent motion, the district court grants certification. Then everybody agrees that that could be appealed. I think that would, under this court's authority in D.C. water, have changed the decision. That exact back pattern that you just gave. That is not what happened here. And in fact. And then I guess my question is, why? Why does it matter? Why should it matter if the district court grants or denies, given that the purpose of a 23-F review. Let's suppose, again, that it's an unsettled issue. And it needs to be resolved by the Court of Appeals because it's something that is coming up a great deal. And there has to be an answer. The district court would have either gotten it wrong or right by granting or denying. We don't know until it comes up on appeal. Why does everything turn on whether it happens to be a grant as opposed to happens to be a denial? When at the end of the day, the purpose is to get it. The purpose of 23-F is to get it up if it's an unsettled issue so that there could be a definitive answer. It seems kind of happenstance. I think the facts of this case or the facts in the law of this case actually provided a key example as to why the first chance. And maybe here you could argue the second because there's really no difference between the second denial and the third denial. I argue you off of the first. But I think there's a difference because the class definition changed. There's a difference between the second and third because they were looking at a different class definition. But I think any real reading of that definition is it was moving words and it didn't change the definition. That's your view. But the core issue upon which my friend lost below is the exact issue the second time is the exact issue he's appealing after the third time, which is they'll say class in this circuit. What's the scope? How do you interpret it? And nothing changed. And I will say that even if something had changed, if you follow the Seventh Circuit in Asher, you would reach the same result. Because in Asher, remarkably, things did change. In Asher, there were new class plaintiffs inserted. And even there, the Seventh Circuit found. Right. So we have to decide if we address a timeliness issue, whether we would follow that. And I'm just trying to understand the implications. Of course. Right. But suppose in the second, the class, suppose there were an appeal taken after the second order. And then, as I understand 23F, the district court proceedings can continue notwithstanding an interlocutory appeal. They may continue or they may not. We actually agreed to stay the case in this instance. But the district court could continue them if the district court wanted to. We did not oppose the motion for the stay and she in her discretion. Right, right, right. I'm not talking about what happened here. I'm just saying it's a general matter. Could proceed. Right. And does that put the district court then proceed? Suppose an appeal is taken and then could the district court and then while the appeal is pending, the plaintiff comes forward and says, you know, actually on reflection, I'd like to, with your permission, adjust the class definition, move for a new class definition. You can continue things while a 23F is appealing. I'll even withdraw my appeal if necessary. But I'd like to modify the class definition. Could that happen? Your Honor, I want to be careful not to overly answer a question. Yeah, I understand. I suspect I as a defendant might come and say, at least on the issue of class certification, district court, you've been divested of jurisdiction while the appeal is pending. I suppose if the plaintiff withdrew his appeal, he could then proceed. But I would then be before you arguing that was just one chance to get it. Right. That's the question. I mean, and then what's the point of that? Because in that situation, if the plaintiff withdraws and then there's a new class definition and that also presents an unsettled issue, but then we would have some doctrine that says, well, there was one shot. No, you withdrew it. And then the point would be, well, I didn't want to continue that appeal because I wanted to change the class definition. The real issue is going to be something that happens later. And then 23F availability would have been gone forever. Yeah, I think, Your Honor, in addition to saying to the plaintiff and the court that, no, they don't, you know, you don't have jurisdiction any longer because the district court, this case has been going on X years. It's too late to seek an amendment to class certification. And if you get to a policy purpose. Yeah, you might win on that, but if the district court allowed it. And if you get to a policy purpose, Your Honor, of the sentence from 23F we're debating, it's this case. This case will be seven years old in May. We don't even know if there's a class or not. We don't think there is. Had this happened in 2018, we would have known by 2019 if there was a class. And that, I think, whether you're persuaded or not by the Seventh Circuit decision, that is the policy behind the Seventh Circuit. Right. And I think a lot of that, I don't deny the force of some of that. Definitely abstract. And in this case, you've put forward some arguments that we have to take seriously. And that all can be taken into account in the discretionary decision whether to grant a 23F appeal. But the question, there's the non-discretionary question of whether it's untimely. That's the one that I'm focusing on. And as to that one, it does seem a little bit of an odd dynamic to say, in a situation in which the class certification proceedings could continue and the plaintiff decides to withdraw the appeal, then the answer would be, well, too bad, you know, you had one shot under 23F, that's it. Even though everybody now wants to look at a different class definition, that class definition is not even in the case anymore. But you lost, you can't take a 23F appeal from the second one, even though that's the only one that's even in the case anymore. Well, again, Your Honor, to take your hypothetical on part of it, not everyone's agreeing we should take another look at class certification, right? The defendant is saying so many times, please, right? And again, this case and the case that's been referenced in the case you combined is a very good argument for finality in cases. But to take the import of the 14 days, I think it probably has two imports. One, I submit to you, it's a categorical rule, and you combine it with the DC water case, that the ruling of this circuit should be the 14 days is 14 days, or it's 10 before 14 today, and that you had the one chance. I think it may also play a role in your discretionary analysis of it, in terms of you can incorporate a laches type argument in terms of taking time to appeal. Why did we wait from 2018 to 2022 to come to you? Yeah, I think the discretionary part of it, again, I was looking at the non-discretionary part of it, but I understand. Let's make sure my colleagues don't have. Thank you, Your Honor. Thank you. Thank you. Supervisor, I'll give you two minutes for rebuttal. Oops. On the prior decision and 23F, I think that the key thing here is, this was a different motion in response to the court's October 2020 decision. It was a different motion, it was a different decision, and the decision did change. The court, in the first time, said that we should have an opportunity to deal with this, and that that was the best resolution. The second time, the court urged a categorical rule against fail-safe class actions, which the main decision that it relied on, the Messner case in the Seventh Circuit, did not say to have any categorical rule. It recognized that there was a tension between the over-inclusive class and fail-safe language, and that it was trying to balance that tension and not urging a categorical rule. I think the question that also got overlooked in the Campbell case was that the Campbell case did find fail-safe language, but it did not deny class certification on that basis. It denied class certification on the basis that there was not a common issue described. That was the problem. That was the problem in the base Yakov case in the First Circuit as well, that very often the Campbell District Court also said this was repairable. All you had to do was strike out the offending language, and you had a class that might be over-inclusive, but you had a class. But the real problem in Campbell was that a common issue was not described with a common answer. We have described a common issue with a common answer. We've described the common issue of the fractional years of service and how that can be resolved by applying ERISA's hours of service rule. This was not a new issue below, too. We had gone over the same thing in the Cofafi case. We had gotten hundreds of people paid on these grounds. These people, you know, the second point I'll make is the will not be bound, that they argued that somehow they will not be bound if they prevail in this case. There's no way in that language that if Pilton somehow prevailed, that the people in the class would not be bound. Obviously, they'll be bound, and that's required by Rule 23C-3. Okay, I think we have that part of your argument. Let me make sure my colleagues don't have questions for you at this point. Thank you. We appreciate your argument. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan, Millett, Edwards